IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE B. WASHINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>W. A. DUNCAN; R. BOUCHER; L. HERNANDEZ; E. MOORE; A. GOMEZ; R. PEREZ; L. BAEZ; W.L. MUNIZ;<br><br>    Defendants. | No. C 05-2775 WHA (PR)<br><br>**ORDER DENYING MOTION FOR IMMEDIATE INJUNCTIVE RELIEF**<br><br>(Docket No. 82) |

This is a civil rights case filed pro se by a state prisoner claiming that defendants, guards at Salinas Valley State Prison ("SVSP"), used excessive force against him. Defendants' motion for summary judgment was denied, and pro bono counsel, located by the Federal Pro Bono Project, has been appointed. Prior to appointment of counsel, plaintiff, who is currently at , California State Prison – Sacramento ("CSP – Sacramento"), filed a motion for immediate injunctive relief seeking transfer to another prison. Although this matter is stayed at present, the allegations in the motion were sufficiently serious to order a response from defendants. Defendants have filed an opposition to the motion for immediate injunctive relief supported by affidavits of prison officials at CSP-Sacramento.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Moreover, before granting a prisoner a preliminary injunction, "substantial weight to any adverse impact on

public safety or the operation of a criminal justice system caused by the preliminary relief" must be given. *See* 18 U.S.C. § 3626(a)(2).

Plaintiff has not shown a likelihood of his success on the merits of his claim. He claims that officials at his current prison are attempting to retaliate against him for the instant lawsuit by directing another inmate to attack him on September 19, 2011. Plaintiff has not submitted any evidence in support of his allegation that prison officials were responsible for the attack on him. Attached to his motion is his own affidavit in which he states that he learned from unnamed inmates that the attack was ordered by prison guards. This is, of course, inadmissible hearsay. Plaintiff does not include affidavits from any such inmates, or from prison officials, with first-hand knowledge that the attack had been ordered. Defendants, on the other hand, have submitted affidavits from the two guards at CSP-Sacramento, Pizarro and Dobbs, whom plaintiff alleges knew about his present lawsuit and were responsible for securing the area where the attack took place. In these affidavits, Pizarro and Dobbs state that they did not direct, and have no knowledge of any official, directing any attacks on plaintiff by other inmates. They go on to describe that their findings that the altercation on September 19, 2011, grew out of a dispute between plaintiff and other inmates in the "Bloods" gang, as did a subsequent fight plaintiff was involved in on October 26, 2011. In the absence of any evidence to support plaintiff's allegation that guards are retaliating against him by orchestrating fights with other inmates, he has not shown a likelihood of success on the claim and is not, therefore, entitled to a preliminary injunction. The motion (docket number 82) is **Denied**. The denial is without prejudice to plaintiff's newly-appointed counsel filing such a motion in the future, provided such a motion is accompanied by the necessary evidence required to meet the standard for preliminary injunctive relief.

**IT IS SO ORDERED.**

Dated: November  7 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.05\WASHINGTON775.TRO.wpd

2