**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE B. WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>W. A. DUNCAN, Warden, R. BOUCHER,<br>L. HERNANDEZ, E. MOORE, A. GOMEZ,<br>R. PEREZ, L. BAEZ, and W. L. MUNIZ,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 05-02775 WHA<br><br>**CASE MANAGEMENT ORDER<br>AND REFERENCE TO<br>MAGISTRATE JUDGE<br>FOR MEDIATION/SETTLEMENT** |

　　　　After a case management conference, the Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1. All initial disclosures under FRCP 26 must be completed by **JANUARY 31, 2012**, on pain of preclusion under FRCP 37(c), including full and faithful compliance with FRCP 26(a)(1)(A)(iii).

2. Leave to add any new parties or pleading amendments must be sought by **MARCH 20, 2012**.

3. The non-expert discovery cut-off date shall be **OCTOBER 31, 2012**.

4. The last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **OCTOBER 31, 2012**. Within **FOURTEEN CALENDAR DAYS** of said deadline, all other parties must disclose any expert reports on the same issue

1   ("opposition reports").  Within **SEVEN CALENDAR DAYS** thereafter, the party with the
2   burden of proof must disclose any reply reports rebutting specific material in
3   opposition reports.  Reply reports must be limited to true rebuttal and should be very
4   brief.  They should not add new material that should have been placed in the opening
5   report and the reply material will ordinarily be reserved for the rebuttal or sur-rebuttal
6   phase of the trial.  If the party with the burden of proof neglects to make a timely
7   disclosure, the other side, if it wishes to put in expert evidence on the same issue
8   anyway, must disclose its expert report within the fourteen-day period.  In that event,
9   the party with the burden of proof on the issue may then file a reply expert report
10  within the seven-day period, subject to possible exclusion for "sandbagging" and, at all
11  events, any such reply material may be presented at trial only after, if at all, the other
12  side actually presents expert testimony to which the reply is responsive.  The cutoff for
13  all expert discovery shall be **FOURTEEN CALENDAR DAYS** after the deadline for reply
14  reports.  In aid of preparing an opposition or reply report, a responding party may
15  depose the adverse expert sufficiently before the deadline for the opposition or reply
16  report so as to use the testimony in preparing the response.  Experts must make
17  themselves readily available for such depositions.  Alternatively, the responding party
18  can elect to depose the expert later in the expert-discovery period.  An expert, however,
19  may be deposed only once unless the expert is used for different opening and/or
20  opposition reports, in which case the expert may be deposed independently on the
21  subject matter of each report.  At least **28 CALENDAR DAYS** before the due date for
22  opening reports, each party shall serve a list of issues on which it will offer any expert
23  testimony in its case-in-chief (including from non-retained experts).  This is so that all
24  parties will be timely able to obtain counter-experts on the listed issues and to facilitate
25  the timely completeness of all expert reports.  Failure to so disclose may result in
26  preclusion.
27  5.   As to damages studies, the cut-off date for *past damages* will be as of the expert report
28       (or such earlier date as the expert may select).  In addition, the experts may try to

|   |   |   |
|---|---|---|
| 1 |    | project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for |
| 2 |    | future damages can be met.  With timely leave of Court or by written stipulation, the |
| 3 |    | experts may update their reports (with supplemental reports) to a date closer to the time |
| 4 |    | of trial. |
| 5 | 6. | At trial, the direct testimony of experts will be limited to the matters disclosed in their |
| 6 |    | reports.  Omitted material may not ordinarily be added on direct examination. |
| 7 |    | This means the reports must be complete and sufficiently detailed. |
| 8 |    | Illustrative animations, diagrams, charts and models may be used on direct examination |
| 9 |    | only if they were part of the expert's report, with the exception of simple drawings and |
| 10 |   | tabulations that plainly illustrate what is already in the report, which can be drawn by |
| 11 |   | the witness at trial or otherwise shown to the jury.  If cross-examination fairly opens |
| 12 |   | the door, however, an expert may go beyond the written report on cross-examination |
| 13 |   | and/or redirect examination.  By written stipulation, of course, all sides may relax these |
| 14 |   | requirements.  For trial, an expert must learn and testify to the full amount of billing |
| 15 |   | and unbilled time by him or his firm on the engagement. |
| 16 | 7. | To head off a recurring problem, experts lacking percipient knowledge should avoid |
| 17 |   | vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is |
| 18 |   | correct.  This means that they may not, for example, testify that based upon a review of |
| 19 |   | fact depositions and other material supplied by counsel, a police officer did (or did not) |
| 20 |   | violate standards.  Rather, the expert should be asked for his or her opinion based — |
| 21 |   | explicitly — upon an assumed fact scenario.  This will make clear that the witness is |
| 22 |   | not attempting to make credibility and fact findings and thereby to invade the province |
| 23 |   | of the jury.  Of course, a qualified expert can testify to relevant customs, usages, |
| 24 |   | practices, recognized standards of conduct, and other specialized matters beyond the |
| 25 |   | ken of a lay jury.  This subject is addressed further in the trial guidelines referenced in |
| 26 |   | paragraph 15 below. |
| 27 | 8. | Counsel need not request a motion hearing date and may notice non-discovery motions |
| 28 |   | for any Thursday (excepting holidays) at 8:00 a.m.  The Court sometimes rules on the |

papers, issuing a written order and vacating the hearing. If a written request for oral argument is filed before a ruling, stating that a lawyer of four or fewer years out of law school will conduct the oral argument or at least the lion's share, then the Court will hear oral argument, believing that young lawyers need more opportunities for appearances than they usually receive. Discovery motions should be as per the supplemental order referenced in paragraph 15 and shall be expedited.

9. The last date to file dispositive motions shall be **DECEMBER 13, 2012**. No dispositive motions shall be heard more than 35 days *after* this deadline, *i.e.*, if any party waits until the last day to file, then the parties must adhere to the 35-day track in order to avoid pressure on the trial date.

10. The **FINAL PRETRIAL CONFERENCE** shall be at **2:00 P.M.** on **JANUARY 28, 2013**. Although the Court encourages argument and participation by younger attorneys, lead trial counsel must attend the final pretrial conference. For the form of submissions for the final pretrial conference and trial, please see paragraph 15 below.

11. A **JURY TRIAL** shall begin on **FEBRUARY 4, 2013**, at **7:30 A.M.**, in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. The trial schedule and time limits shall be set at the final pretrial conference. Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to trail, meaning the trial may commence a few days or even a few weeks after the date stated above, due to calendar congestion and the need to give priority to criminal trials. Counsel and the parties should plan accordingly, including advising witnesses.

12. Counsel may not stipulate around the foregoing dates without Court approval.

13. While the Court encourages the parties to engage in settlement discussions, please do not ask for any extensions on the ground of settlement discussions or on the ground that the parties experienced delays in scheduling settlement conferences, mediation or ENE. The parties should proceed to prepare their cases for trial. No continuance (even if stipulated) shall be granted on the ground of incomplete preparation without competent and detailed declarations setting forth good cause.

4

14. To avoid any misunderstanding with respect to the final pretrial conference and trial, the Court wishes to emphasize that all filings and appearances must be made — on pain of dismissal, default or other sanction — unless and until a dismissal fully resolving the case is received. It will not be enough to inform the clerk that a settlement in principle has been reached or to lodge a partially executed settlement agreement or to lodge a fully executed agreement (or dismissal) that resolves less than the entire case. Where, however, a fully-executed settlement agreement clearly and fully disposing of the entire case is lodged reasonably in advance of the pretrial conference or trial and only a ministerial act remains, the Court will arrange a telephone conference to work out an alternate procedure pending a formal dismissal.

15. If you have not already done so, please read and follow the "Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup" and other orders issued by the Clerk's office when this action was commenced. Among other things, the supplemental order explains when submissions are to go to the Clerk's Office (the general rule) versus when submissions may go directly to chambers (rarely). With respect to the final pretrial conference and trial, please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil Jury Cases Before The Honorable William Alsup." All orders and guidelines referenced in the paragraph are available on the district court's website at http://www.cand.uscourts.gov. The website also includes other guidelines for attorney's fees motions and the necessary form of attorney time records for cases before Judge Alsup. If you do not have access to the Internet, you may contact Deputy Clerk Dawn K. Toland at (415) 522-2020 to learn how to pick up a hard copy.

16. All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3) must be made on the schedule established by said rule.

17. This matter is hereby **REFERRED** to **MAGISTRATE JUDGE NANDOR VADAS** for **MEDIATION/SETTLEMENT**.

**IT IS SO ORDERED.**

Dated: January 5, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE